**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA SUYAPA ALFARO CRUZ;
A. D. P. A.; A. E. P. A.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 24-5373

Agency Nos. A220-149-565
A220-149-566
A220-149-567

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2026[**]
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Petitioners Maria Alfaro Cruz and her two minor children,[1] natives and

citizens of Honduras, petition for review of a decision of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Alfaro Cruz's children did not file separate applications for relief and were listed as derivative beneficiaries on Alfaro Cruz's application only for purposes of asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Torture Convention "may not be derivative").

Appeals ("BIA") dismissing their appeal of an order of an Immigration Judge ("IJ") denying Alfaro Cruz's applications for asylum and withholding of removal.[2] We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum or withholding of removal, an alien must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "membership in a particular social group" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id*. § 1231(b)(3)(A). Here, substantial evidence supports the agency's conclusion that Alfaro Cruz failed to establish a nexus between any past or feared future harm and her two proposed social groups, "Honduran females who are victims of domestic violence by their husbands and unable to leave their marriage" and "Honduran females who are victims of violence and have reported the violence to the police." The agency reasonably concluded that Alfaro Cruz "was a victim of

---

[2] The BIA properly concluded that, by failing to address the issue in her brief before the BIA, Alfaro Cruz had forfeited any challenge to the IJ's denial of relief under the Convention Against Torture. We therefore decline to consider that issue.

crime and [of] a personal dispute." Substantial evidence supports the agency's conclusion that Alfaro Cruz was abused by her ex-partner and his brother "because she was in a vulnerable position but not because she was a member of some broader collection of women whom they believed warranted the infliction of harm." *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (holding that a mere personal dispute lacks a nexus to a protected ground). The IJ found, and the BIA affirmed, that the ex-partner's abuse of Alfaro Cruz's son further warranted the conclusion that Alfaro Cruz and her son were victims of a personal dispute. Alfaro Cruz argues that the harm to her son should have been viewed as actually directed against her on account of her social-group membership, but the record does not compel a conclusion contrary to that of the agency. *See Garland v. Ming Dai*, 593 U.S. 357, 365–66 (2021).

Because Alfaro Cruz's failure to establish the requisite nexus to a protected ground is dispositive of both her asylum and withholding claims, we need not address any other issues. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**